UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
GILBERTO ARCE,

        Petitioner,

v.                                                                            5:04-CV-00933

UNITED STATES OF AMERICA,

        Respondent,

| APPEARANCES: | OF COUNSEL: |
|---|---|

GILBERTO ARCE
#07107-052
FPC Texarkana Post Office
Box 3900
Texarkana, TX 75505-3900

GLENN T. SUDDABY                                       LISA M. FLETCHER
United States Attorney                               Assistant U.S. Attorney
Northern District of Newe York
Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

HOWARD G. MUNSON, SR. J.

MEMORANDUM DECISION AND ORDER

      In June 1997, Petitioner was convicted of selling cocaine as a participant in a narcotics dealing conspiracy in New York State. On April 28, 1998, he was sentenced to 150 months imprisonment, to be followed by 5 years of supervised relief. His conviction became final in 2001. He now moves for collateral review under 28 U.S.C. § 2255, to have his sentence vacated set aside, or corrected upon his claim that the sentence imposed was unconstitutional because "the jury was not charged nor did they find a type, quantity, or quality of substance, therefore, Petitioner should be resentenced to the lowest term under the Sentencing Guidelines which the jury's verdict authorized.

Petitioner bases his claims on the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S. Ct., 159 L. Ed.2d 403 (2004).

In Apprendi v.New Jersey, the Supreme Court found that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 488, 120 S. Ct. at 226. In Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2521, 159 L. Ed.2d 403 (2004), the Supreme Court applied Apprendi and elaborated that the "statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. 303, 124 S. Ct. at 2537. Finally, in United States v. Booker, 543 U.S. 220, 258-59, 125 S. Ct. 738, 764, 160 L. Ed.2d 621 (2005), the Supreme Court applied Apprendi and Blakely to the United States Sentencing Guidelines, ruling that the mandatory application of the Guidelines violates the Sixth Amendment and excising provisions making the Guidelines mandatory, but otherwise leaving the Guidelines in place.

Booker and Blakely do not apply retroactively to matters on collateral review. See Green v. United States, 397 F.3d 101, 2005 WL 237204 (2d Cir.2005) (holding that neither Blakely nor Booker apply retroactively). Petitioner's reliance on these cases, therefore, affords him no relief. Petitioner's reliance on Apprendi is mistaken. He claims that the court violated Apprendi by increasing his sentence on the basis of facts not submitted to a jury. However, there is nothing in the Apprendi decision requiring a jury determination on sentencing enhancements that result in a sentence below the statutory maximum. The Second Circuit's holding that drug

quantity is an element of an § 841 offense does not preclude a district court from considering drug quantity in determining a defendant's relevant conduct for sentencing purposes pursuant to U.S.S.G §1B1.3(a), in cases where quantity is not charged in the indictment or found by the jury, so long as the resulting sentence does not exceed the statutory maximum. United States v. White, 240 F.3d 127, 135-36 (2d Cir.2001); cf. United States v. Garcia, 240 F.3d 180, 183 (2d Cir.) ("We see nothing in the [Supreme] Court's holding in Apprendi or its explication of the holding that alters a sentencing judge's traditional authority to determine those facts relevant to selection of an appropriate sentence within the statutory maximum ...."), *cert. denied*, 533 U.S. 960, 121 S. Ct. 2615, 150 L. Ed.2d 769 (2001). The constitutional rule of Apprendi does not apply where the sentence imposed is not greater than the prescribed statutory maximum for the offense of conviction. United States v. McLeod, 251 F.3d 78, 82 (2d Cir.), *cert. denied*, 534 U.S. 935, 122 S. Ct. 304, 151 L. Ed.2d 226 (2001).

Here, a jury found the Petitioner guilty on three counts of the indictment, 28 U.S.C. § 846 - Conspiracy to possess with intent to distribute and to distribute cocaine, (Count 2) and, 21 U.S.C. § 841(a)(1) - Distribution of cocaine (Count 5 and 7)). Petitioner was sentenced to 210 months imprisonment on each Count, to be served concurrently, followed by five years of supervised relief. The applicable statutory penalty for conspiracy to distribute and distribution of any quantity of cocaine is imprisonment for up to 20 years, 21 U.S.C.§ 841(b)(1)(C) Petitioner's sentence of 150 months (12.5 years) falls well below the statutory maximum. Apprendi, therefore, is inapplicable to the present case.

Petitioner's claim that his counsel's alleged failure to raise Apprendi arguments on direct appeal constitutes ineffective assistance of counsel is meritless. When Apprendi was decided

prior to the appeal in Petitioner's case, the parties thereto submitted supplemental letter briefs to the Court of Appeals concerning the impact of <u>Apprendi</u>. When the issue was not discussed in the appeals decision, the defendants moved for a rehearing. The motion was denied and the appeals court ruled that the <u>Apprendi</u> issue should be addressed by the District Court. Therefore, <u>Apprendi</u> was brought to the appeals court attention, considered, and left to examination by the District Court. The Second Circuit remanded the case for three of the defendants for resentencing, rejected the arguments of the other defendants, including Petitioner's, and affirmed their convictions.

It is apparent, then, that the Second Circuit considered the <u>Apprendi</u> decision in connection with its decision on Petitioner's direct appeal, and, therefore, his 2255 motion seeking collateral relief has not been procedurally defaulted, and, furthermore, it demonstrates that Petitioner's ineffective assistance of counsel claim is unsubstantiated.

Accordingly, for the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. Further, a certificate of appealability shall not issue because Petitioner has not demonstrated a substantial showing of a constitutional violation. See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**

Dated: May 22, 2007
   Syracuse, New York

_____
Howard G. Munson
Senior U.S. District Judge

4